NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

——————————

No. 19-3400

——————————

ARC DBPPROP001, LLC

v.

EASTON BUFFET LLC; JIN CHUN YANG; DAN LI,

Appellants

——————————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-18-cv-01995)
District Judge: Honorable Juan R. Sanchez

——————————

Submitted under Third Circuit LAR 34.1(a)
On June 18, 2020

Before: JORDAN, MATEY and ROTH, Circuit Judges

(Opinion filed: January 6, 2021)

——————————

OPINION*

——————————

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

ROTH, Circuit Judge

ARC DBPPROP001, LLC, sued defendants, Easton Buffet LLC and its

Guarantors, Jin Chun Yang and Dan Li, for breach of contract and ejectment. ARC

alleges Easton failed to pay rent for its restaurant space for approximately forty-six

months and that the Guarantors are personally liable for the missed rent. The District

Court granted summary judgment to ARC, awarded damages, and ordered Easton to

vacate the premises. On appeal, defendants challenge the District Court's order denying

their motion for leave to file a second amended answer and argue that summary judgment

was inappropriate because there remain genuine disputes of material facts regarding

ARC's contractual rights. We will affirm the judgment of the District Court.

## I.[1]

Easton operated a buffet-style restaurant (the Property) in a shopping center

owned by PR Warrington Limited Partnership (PRW). Through a series of lease

assignments, ARC assumed all rights, titles, and interests to (1) a Ground Lease, which

gives ARC the right to possess the Property as tenant of PRW, and (2) a Master Lease

Agreement, under which ARC became landlord of the Property to OCB Realty Co. Prior

to these assignments, OCB subleased the Property to Easton (the Easton Sublease), which

required Easton to pay monthly rent and other costs to OCB. Yang signed the Easton

Sublease on behalf of Easton as an owner. The same day that Yang signed the Easton

---

[1] Because we write primarily for the parties, we only discuss the facts and proceedings to the extent necessary for resolution of this case.

Sublease, Yang and Li signed a Guaranty under which they jointly and severally assumed personal liability for all obligations under the Easton Sublease in the event of default.

In March 2016, OCB filed for bankruptcy. The Bankruptcy Court assigned OCB's rights, title, and interest in the Easton Sublease to ARC, making ARC Easton's new landlord. On March 7, 2016, OCB sent Easton and Yang letters informing them that they should send future rent payments to ARC. Easton, however, did not pay rent to anyone in March 2016. The next month, Easton emailed OCB asking why it did not receive its normal billing statement and where to send rent payments. In response, OCB referred Easton to its March letter and told Easton to submit rent payments to ARC.

Subsequently, Easton communicated directly with ARC about rent payments and negotiating a new sublease. ARC provided Easton with an accounting of overdue rent and a copy of the Bankruptcy Court Order, assigning the Easton Sublease to ARC. During these conversations, Easton continued to possess the premises without paying rent. In June 2017, ARC sent a formal default notice to Easton, the Guarantors, and Easton's attorney. In October 2017 and April 2018, ARC sent second and third default notices and conveyed its intent to eject Easton from the Property if the default was not cured. Defendants did not respond, pay rent, or vacate the Property.

II.

ARC sued Easton and the Guarantors in the U. S. District Court for the Eastern District of Pennsylvania for breach of contract. ARC sought back rent and ejectment. Defendants filed their Answer, an Amended Answer, and forty days later, moved to file a Second Amended Answer. Their proposed Second Amended Answer asserted for the

3

first time that venue was improper because the Easton Sublease contained a forum selection clause consenting to jurisdiction in the Delaware Bankruptcy Court. The District Court denied the motion to amend their answer, finding that defendants waived their challenge to venue, that they had delayed unduly in seeking leave to amend, and that amendment would be futile.

At the close of discovery, the parties filed cross-motions for summary judgment. In its filings, ARC relied on the Ground Lease Assignment, which it had not produced until after discovery closed, to establish its interest in the Property. Over defendants' objections, the Court determined it could consider the Ground Lease Assignment.

The District Court granted summary judgment for ARC, concluding defendants breached their obligations under the Easton Sublease. It also ordered Easton to vacate the Property. Defendants appealed the order denying their Motion for Leave to File Their Second Amended Answer and the order granting summary judgment to ARC.

III.

The District Court had diversity jurisdiction under 28 U.S.C. § 1332(a). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review an order denying a motion for leave to amend an answer for abuse of discretion.[2] Our review of an order granting summary judgment is plenary.[3] Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

---

[2] *Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008).
[3] *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 467 (3d Cir. 2016).

4

law."[4]  Facts are reviewed in the light most favorable to the nonmoving party, who is "entitled to every reasonable inference that can be drawn from the record."[5]  We will reverse a grant of summary judgment if "the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party."[6]

IV.

A.  Leave to Amend to Challenge Venue

Defendants argue that the District Court abused its discretion by not permitting them to amend their answer to assert a challenge to venue.  We agree with the District Court that they have waived this defense.  A defendant must assert an improper venue defense before or in a responsive pleading, or in an amendment by right to a responsive pleading.[7]  If a defendant fails to do so, the defense is waived.[8]  Defendants failed to challenge venue before or in their answer and their amended answer; instead, they sought to raise it for the first time in a second amended answer.  The defense is therefore waived.[9]

B.  Summary Judgment

Defendants appeal the grant of summary judgment on the following grounds: First, because ARC failed to produce the Ground Lease Assignment in discovery, it

---

[4] Fed. R. Civ. P. 56(a).

[5] *Dempsey*, 834 F.3d at 467 (quoting *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788 (3d Cir. 2000)).

[6] *Am. Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 581 (3d Cir. 2009).

[7] Fed. R. Civ. P. 12(b), (h); *see also Weaver v. Bowers*, 657 F.2d 1356, 1359-60 (3d Cir. 1981).

[8] Fed. R. Civ. P. 12(h)(1).

[9] *See* Fed. R. Civ. P. 12(h)(1).

5

cannot establish its rights under the Ground Lease. Second, the Guaranty was not incorporated into the Easton Sublease or the Bankruptcy Court Order assigning the Easton Sublease to ARC, and therefore is not enforceable against the Guarantors. Third, ARC materially modified the Guaranty, rendering it unenforceable. We will address each argument in turn.[10]

1. ARC's Rights Under the Ground Lease

Defendants argue that summary judgment is inappropriate because ARC did not submit a copy of the Ground Lease Assignment during discovery and failed to produce any document to support that it had any rights in and to the Ground Lease. Absent this evidence, they argue ARC's rights in and to the Ground Lease remain a genuine dispute of material fact. We disagree.

Parties who fail to disclose information during discovery are precluded from relying on such evidence unless the omission was "substantially justified or is harmless."[11] In determining whether to exclude evidence, district courts should consider, *inter alia*, whether doing so would "prejudice or surprise" the opposing party.[12] The District Court concluded that the initial omission of the Ground Lease Assignment was harmless because defendants had constructive notice of its existence and terms.

We agree that ARC's omission was harmless. ARC attached a copy of the Memorandum of Assignment of Ground Lease (MOA) to its complaint. The MOA gave

---

[10] Because we agree ARC is entitled to summary judgment, we do not address the denial of defendants' own motion for summary judgment.
[11] Fed. R. Civ. P. 37(c)(1).
[12] *Nicholas v. Pennsylvania State Univ.*, 227 F.3d 133, 148 (3d Cir. 2000).

6

defendants notice of ARC's rights in the Ground Lease because it listed ARC as assignee, detailed the Ground Lease and the Property, described the terms of the Ground Lease Assignment, and provided the official recording of the Ground Lease Assignment in the Bucks County Recorder of Deeds. The defendants were not prejudiced or surprised by the contents of the Ground Lease Assignment.

2. ARC's Rights Under the Guaranty

Defendants contend that the Guaranty was not incorporated into the Easton Sublease or the Bankruptcy Court's assignment order because neither document specifically referred to the Guaranty. Accordingly, they argue that the Guaranty's enforceability is a genuine dispute of material fact. The District Court determined that the Guaranty was incorporated by reference into the Easton Sublease and the Bankruptcy Court Order.

We agree with the District Court. The Easton Sublease includes an integration clause that states "[t]his Sublease and any *Schedules* or Exhibits attached hereto are intended by the parties as a final expression of their agreement and as a complete and exclusive statement of the terms thereof . . .."[13] The Guaranty is titled "Schedule #2— Guaranty of Lease" and is attached to the Easton Sublease. Likewise, the Bankruptcy Court Order assigns all right, title, and interest in the Easton Sublease to ARC "together with all amendments, exhibits, attachments and addenda thereto."[14]

---

[13] JA551 ¶ 30 (emphasis added).
[14] JA611-12.

7

By their own terms, the Easton Sublease and Bankruptcy Court Order unambiguously incorporate the Guaranty. Thus, we conclude there is no genuine dispute regarding the enforceability of the Guaranty.

3. Material Modification of the Guaranty

Last, defendants argue that the Guaranty is not enforceable against the Guarantors because ARC materially modified the contract by allegedly failing to notify them of Easton's default for fifteen months. Accordingly, they argue that the enforceability of the Guaranty remains a genuine dispute of material fact. We agree with the District Court that the Guaranty was not materially modified.

A guaranty is a suretyship contract under which a guarantor accepts liability to fulfill the obligations of a third party in the event of its default.[15] Under Pennsylvania law, a material modification to a suretyship contract requires a "significant change in the principal debtor's obligation to the creditor that in essence substitutes an agreement substantially different from the original agreement on which the surety accepted liability."[16]

Here, there was no material modification because the parties' obligations remained the same. Even if notice had been required, the record demonstrates that ARC made multiple attempts to notify the Guarantors of Easton's default at their last known addresses, as listed in the Easton Sublease.

---

[15] *Reliance Ins. Co. v. Penn Paving, Inc.*, 734 A.2d 833, 836 (Pa. 1999).
[16] *Id.* at 838.

We agree with the District Court that ARC did not materially modify the Guaranty and that there is no genuine dispute concerning its enforceability.

V.

For these reasons, we will affirm the judgment of the District Court.